GEORGIANNA SHINNEN

*v.*

MORRIS KLEIN et ux., et al.

[Argued June 24th, 1913. Decided July 3d, 1913.]

1. In a suit to foreclose a mortgage on a lot with a one hundred and ten-foot front, sixty feet of which had been conveyed by the mortgagor to parties who gave a second mortgage thereon, and the remaining fifty feet of which was subsequently conveyed to S., a decree *pro confesso* was taken against all of the defendants, and the suit was referred to a master to report the amount due on both mortgages, their priority, and the order in which the lands should be sold. The master reported that the lands of S. should be first sold to raise $3,500 to apply on the first mortgage, that the sixty-foot lot should be sold, and the proceeds applied on both mortgages, and that, if the proceeds of the sale of such lot were insufficient to pay the first mortgage. the deficiency should be made up from the surplus realized from the sale of the property of S. S. excepted to that portion of the report requiring an appropriation of the proceeds of the sale of his lands in excess of $3,500. It appeared that the first mortgage contained a clause, which was not pleaded, providing that the mortgagees would release the fifty-foot lot upon the payment of $3,500.—*Held*, that the question raised by the exceptions could not be determined without the filing of a cross-bill, since the defendants interested in the sixty-foot lot had a right to assume that it would be reported that the lands should be sold in the inverse order of alienation, and were entitled to their day in court to controvert the equity asserted by S.

2. The master in so reporting the equity of S. overstepped the directions of the order of reference, and violated chancery court rule 24, forbidding the making of a report or decree, postponing the rights or claims of a defendant against whom a decree *pro confesso* has been taken, unless the priority of the rights or claims of such other defendant and the facts upon which it depends are distinctly set forth in the bill.

On exceptions to master's report.

*Mr. William M. Clevenger,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the exceptant.

BACKES, V. C.

This is a foreclosure bill. The allegations of the bill are that on November 16th, 1910, William Klein and David Miller executed to the complainant a mortgage conveying a lot of land fronting one hundred and ten feet on the easterly side of New Jersey avenue, Atlantic City, to secure the sum of $8,500, in five years, with interest payable semi-annually. On January 16th, 1912, the most northerly sixty feet were conveyed to Sarah Hollingshead, who made a mortgage thereon to secure the sum of $3,500, which mortgage is now held by the estate of Peter B. Risley. She subsequently conveyed the property to Morris Klein, the present owner, against whom one Solomon Goldman holds a judgment. After the making of the Hollingshead deed her grantors conveyed the remaining fifty feet, and by divers mesne conveyance the fee is now vested in Antonio S. Siracusa. The bill alleges a default in the payment of an installment of interest, and an election by the complainant that the full amount is due and payable, according to the terms of the mortgage. A decree *pro confesso* was taken against all of the defendants, and it was referred to a master to ascertain and report the amount due to the complainant and the Risley estate, and the priority of their respective mortgages, and whether the mortgaged lands should be sold as a whole, and if in parts, in what order. The master reported that the lands of Siracusa be first sold to raise $3,500 and interest, to be applied in reduction of the complainant's debt, and that the lands of Morris Klein be sold to recover the balance, and also the moneys due on the Risley mortgage; and if the moneys realized from the sale of the Klein property be insufficient to pay the balance of the complainant's debt, that the deficiency be made up from any surplus moneys realized from the sale of the Siracusa property. Siracusa excepts to that portion of the report which requires an

appropriation of the proceeds of the sale of his lands, in excess of $3,500 and interest, to the payment of the complainant's mortgage in the event of a deficiency.

At the hearing before the master it appeared that the complainant's mortgage contained a special defeasance clause in these words:

"The party of the second part (complainant) agrees to release so much of the above recited (mortgaged) premises, as is covered by the Garrett deeds, the Mathis deed and the Mott deed, upon the payment of the sum of thirty-five hundred dollars."

The part of the mortgaged premises referred to is the land of Siracusa who, at the master's hearing, offered to pay the $3,500 and interest in discharge of his lands and now tenders himself ready to pay the money into court.

Upon the argument counsel for the complainant and exceptant requested a decision on the question raised by the exception, and to this end consented to waive all formality of pleading. Much as I would like to aid them, I find it impossible to accommodate a judicial expression upon the issues involved in the exception to those presented by the bill. The master reported an equity not disclosed by the complainant's bill which, if adopted, would effect a postponement of the rights and claims of some of the defendants as fixed by the bill. In this he overstepped the directions of the order of reference, and violated the provisions of rule 24 of this court, which forbids the making of a report or decree postponing the rights or claims of a defendant, against whom a decree *pro confesso* has been taken "unless the priority of the rights or claims of such other defendant, and the facts upon which it depends are distinctly set forth in the bill." The bill of complaint is silent as to the special defeasance clause, relating to the exceptant's land, and of which he now desires to avail himself. None of the defendants answered. Presumably they accepted the allegations of the bill as correctly setting forth the equities of the parties and assumed, as they had the right to, that they would be reported in the order therein stated. According to these allegations it was the right of Morris Klein, the owner of the lands lastly con-

14

veyed, the Risley estate as mortgagee, and Goldman as a judgment creditor, to have it reported that the mortgaged lands be sold in parcels in the inverse order of alienation and that the exceptant's premises be sold first, without limitation as to the appropriation of the proceeds. If there is a restriction as to the amount for which the exceptant's land may be called upon to respond in satisfaction of the mortgage debt, and I am inclined to think there is, it should have been pleaded in the bill or set up by way of cross-bill.

The defendants alluded to are entitled to their day in court to controvert the claim now asserted by the exceptant. A similar equity was set up by cross-bill in *American Net and Twine Co.* v. *Githens, 57 N. J. Eq. (12 Dick.) 539,* and permitted and directed to be done in *Hall* v. *Home Building Co., 56 N. J. Eq. (11 Dick.) 304.*

The exception is overruled. No costs. A decree on the report will be denied. Upon motion an order will be made setting aside the reference and the report. Leave will be granted to file a cross-bill. If, however, Morris Klein, the Risley estate and Goldman will submit themselves to a decree on the merits of the exception, the exception will be retained and disposed of.

If the complainant had pursued the practice laid down in rules 21 and 22, which provide that upon default the complainant may proceed *ex parte* without reference, or if upon reference, then without notice to the defendants, and had observed the requirement of rule 24, the present difficulty would not have been encountered.