Emma A. Hopf devised the premises involved in this partition suit to her brother, Ludwig, for life and after his death:
"3. I do hereby order and bequeath that after the death of my brother, Ludwig F.H. Hopf, that the said real estate shall go to my sisters, Minnie W. Ferguson and Annie P. Huff, share and share alike, and in case of the death of either one of my sisters, Minnie W. Ferguson or Annie P. Huff, or both of them before the death of my brother, Ludwig F.H. Hopf; that her or their share as the case may be shall go to the children of the said Minnie W. Ferguson and the said Annie P. Huff, share and share alike after the death of my brother, Ludwig F.H. Hopf."
Annie P. Huff died before her brother, leaving two children, the male complainants. Minnie W. Ferguson survives and has four children. The two complainants allege in their bill that they each have a quarter and that Minnie W. Ferguson has a half interest. Mrs. Ferguson answers, admitting her half interest, but sets up that the complainants have each but a twelfth share, and so the master reported; he also reported that the four children of Mrs. Ferguson each has a twelfth interest. If this was intended as an adjudication and not merely a statement of the title he went too far. It is not within the reference. Shinnen
v. Klein, 82 N.J. Eq. 207. The complainants except and claim that by the true construction of the will the Ferguson children have no interest. The Ferguson children are not parties to the suit. There can be no partition, or sale in lieu, until they are brought into the cause. If a sale should be ordered upon a decision of the question propounded by the exception, that the complainants were the true owners of one-half of the property, it would not bind them and it would also complicate the title, which the court ought not to allow. They could sue in ejectment or file a bill for partition to assert their rights. They must be brought in.
The cause will stand over. *Page 561